# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| LILLIAN SUTHERLAND, | |
| Plaintiff, | 2006-CV-0001 |
| v. | |
| HYANNIS AIR SERVICES, INC. d/b/a CAPE AIR, | |
| Defendant. | |

TO:   Lee J. Rohn, Esq.
      Chad C. Messier, Esq.

### ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE WITHHELD DOCUMENTS

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Defendant to Produce Withheld Documents (Docket No. 83). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff seeks certain documents listed in Defendant's privilege log that Plaintiff claims are not protected by the work-product doctrine. Defendant maintains that the documents at issue contain communications regarding the litigation, thus qualifying them under the work-product doctrine.

*Sutherland v. Hyannis Air Services, Inc.*
2006-CV-0001
Order Regarding Plaintiff's Motion to Compel
Page 2

Plaintiff bases her claim that the documents are not protected upon the fact that, allegedly, the documents were generated in the "regular course of business." Motion at 2. In her reply, Plaintiff further argues that the documents are necessary for impeachment purposes. Reply at 2.

Having reviewed the written submissions of the parties, the Court finds that the documents at issue are protected under the work-product doctrine and that Plaintiff has failed to demonstrate "substantial need" of the documents and that she "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

It is true that documents generated in the ordinary course of business generally are not protected. Fed. R. Civ. P. 26(b)(3), Advisory Committee Notes, 1970 Amendment (citing *Goosman v. A. Duie Pyle, Inc.*, 320 F.2d 45 (4th Cir. 1963)). The test for determining whether a document qualifies as work product is "whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir. 1993). Moreover, the work-product doctrine protects not only documents and communications prepared by attorneys, but also "'materials prepared in anticipation of litigation or preparation for trial by or for a party

*Sutherland v. Hyannis Air Services, Inc.*
2006-CV-0001
Order Regarding Plaintiff's Motion to Compel
Page 3

or any representative acting on his behalf.'" *In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 663 (3d Cir. 2003) (quoting Fed. R. Civ. P. 26, Advisory Committee Notes, 1970 Amendment)). It is clear from the privilege log that the documents at issue were prepared after the commencement of litigation and the subject of the communications involved the incident giving rise to and the allegations contained in Plaintiff's complaint. Thus, the Court finds that the documents at issue are protected from disclosure under the work-product doctrine.

Protected documents may be subject to disclosure if the "party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiff states that she needs the documents for impeachment purposes. Reply at 2. "That argument is meritless; the possibility of impeachment does not satisfy the showing required by Rule 26." *Spruill v. Winner Ford of Dover, Ltd.*, 175 F.R.D. 194, 202 (D. Del. 1997 (citing *Carson v. Mar-Tee Inc.*, 165 F.R.D. 48 (E.D. Pa.1996); *Dingler v. Halcyon Lijn N.V.*, 50 F.R.D. 211 (E.D.Pa.1970)). Consequently, the Court will deny Plaintiff's motion.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Compel Defendant to Produce Withheld Documents (Docket No. 83) is **DENIED**.

*Sutherland v. Hyannis Air Services, Inc.*
2006-CV-0001
Order Regarding Plaintiff's Motion to Compel
Page 4

ENTER:

Dated: November 19, 2008                                /s/
                                    GEORGE W. CANNON, JR.
                                    U.S. MAGISTRATE JUDGE