# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| LILLIAN SUTHERLAND, | |
|                  Plaintiff, | 2006-CV-0001 |
| v. | |
| HYANNIS AIR SERVICES, INC. d/b/a CAPE AIR, | |
|                  Defendant. | |

TO:   Lee J. Rohn, Esq.
        Michael C. Quinn, Esq.

## ORDER REGARDING PLAINTIFF'S MOTION TO QUASH SUBPOENA DUCES TECUM

THIS MATTER came before the Court upon Plaintiff's Motion to Quash Subpoena Duces Tecum Regarding Dr. Jett (Docket No. 91). Defendant filed an opposition to said motion. The time for filing a reply has expired.

Plaintiff claims that Dr. Jett has been designated as an expert witness and has submitted a report as required of expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(B). Based upon such designation, Plaintiff seeks to quash the subpoena duces tecum served upon Dr. Jett by Defendant, requesting the production of Plaintiff's medical records, among other documents. In opposition, Defendant states that despite Dr. Jett's designation as an

*Sutherland v. Hyannis Air Services, Inc.*
2006-CV-0001
Order Regarding Plaintiff's Motion to Quash
Page 2

expert witness, he also has been identified by Plaintiff as a "treating physician," and, thus, may be treated as an ordinary fact witness and subject to the subpoena at issue. Defendant further states that it intends to depose Dr. Jett as a fact witness and, in anticipation of such deposition, requests that the Court determine the fees it must pay associated with such deposition.

A review of the caselaw related to both of these issues reveals no controlling opinions issued in this jurisdiction.

> [W]here there is no controlling case on point, "the issue, essentially, boils down to policy." . . . Moreover, as indicated by Fed. R. Civ. P. 83(a)(1), the district court's local rules reflect a considered decision by a majority of its district judges and are thus binding on both the parties and the promulgating court.

*Yazdani v. Pan-American Life Ins. Co.*, No. Civ. S-02-1418, 2002 WL 32098288 at *2 (D. Md. November 25, 2005) (quoting *Demar v. United States*, 1999 F.R.D. 617, 618 (N.D. Ill. 2001) (footnote omitted)).

With regard to the issue concerning Defendant deposing Dr. Jett as a fact witness, the Court finds the Explanatory Notes to Rule 26.3 of the Local Rules of Civil Procedure instructive. It notes that the order authorizing the amendment of this rule stated," [O]ther witnesses who may also be qualified to give expert testimony, e.g. treating physicians, are treated by the federal and local rules as ordinary witnesses whose evidence is fully

*Sutherland v. Hyannis Air Services, Inc.*
2006-CV-0001
Order Regarding Plaintiff's Motion to Quash
Page 3

discoverable." LRCi 26.3, Editor's Note. The Court also takes guidance from the opinion in *McReynolds v. Bigler*, No. 88-1343-C, 1990 WL 129454 at *2-3 (D. Kan. August 6, 1990), where the court states:

> [I]s the treating physician a fact witness or an expert? Generally, a physician who testifies on information and opinions developed and drawn during the treatment of the party as a patient is considered to be an ordinary fact witness rather than an expert. . . .
>
> Of course, a witness may be both an expert witness under Rule 26(b)(4) as to some matters and an ordinary witness on other areas. *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D.C. Cir. 1980). It is critical to determine when the testimony of the treating physician is no longer that of merely an observer or actor in the occurrence and becomes that of an expert witness. There is no single bright line test to use in this determination. This court is comfortable with viewing the treating physician as a fact witness if the testimony concerns information, conclusions and opinions which were obtained in the course of treating the party and which were necessary to make in rendering this treatment. Opinion testimony on the previous care given to the party or on medical matters unrelated to the actual care and treatment eventually administered to the party elevates the treating physician to the status of an expert witness covered by Rule 26(b)(4).

*Id*. (citations omitted) (cited in *Kennedy v. United States*, No. 07-1093-JTM, 2008 WL 717851 at *2-3 (D. Kan. March 17, 2008) (slip copy)).

In this matter, Plaintiff does not dispute Defendant's contention that Plaintiff has identified Dr. Jett as a treating physician in addition to designating him as an expert. Consequently, the Court finds that Defendant is entitled to depose Dr. Jett as a fact witness

*Sutherland v. Hyannis Air Services, Inc.*
2006-CV-0001
Order Regarding Plaintiff's Motion to Quash
Page 4

and question him regarding any information, observations, etc. that Dr. Jett obtained during his care and treatment of Plaintiff and that Dr. Jett is subject to the subpoena and must produce Plaintiff's medical records generated during such treatment by Dr. Jett.

As stated previously, no controlling case on point exists regarding the proper witness fees for Dr. Jett for his deposition as a fact witness. As observed by the *Yazdani* court,

> "[T]here is a split among the district courts that have addressed this issue as to whether treating physicians testifying about their opinions based on facts learned during treatment should be compensated under 28 U.S.C.A. § 1821, or under the more generous "reasonable fee" standard of Fed. R. Civ. P. 26(b)(4)(C). *See Demar v. United States*, 199 F.R.D. 617, 618 (N.D. Ill.2001) and cases cited therein.

2002 WL 32098288 at *2. (footnotes omitted). Because the Court has found that Defendant may depose Dr. Jett as an ordinary fact witness and based upon Defendant's representation that if it desires to depose Dr. Jett as an expert witness it will give proper notice and pay his reasonable expert fee at such time, the Court finds that the witness fee pursuant to 28 U.S.C. § 1821 is appropriate.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Quash Subpoena Duces Tecum Regarding Dr. Jett (Docket No. 91) is **DENIED**.

*Sutherland v. Hyannis Air Services, Inc.*
2006-CV-0001
Order Regarding Plaintiff's Motion to Quash
Page 5

    2.    Defendant may issue a proper notice of deposition of Dr. Jett as a fact witness.

    3.    In the event Defendant deposes Dr. Jett strictly as a fact witness regarding Dr. Jetts' care and treatment of Plaintiff, Defendant may pay Dr. Jett the attendance fee as provided in 28 U.S.C. § 1821.

ENTER:

Dated: December 23, 2008                                       /s/
                                                                   GEORGE W. CANNON, JR.
                                                                   U.S. MAGISTRATE JUDGE